IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.   CRIMINAL NO. 2:07-00198

SHAVAN COLLINS

MEMORANDUM OPINION AND ORDER

In Charleston, on December 19, 2007, came the defendant, Shavan Collins, in person and by counsel, Nathan Hicks; and came the United States by Monica Dillon, Assistant United States Attorney, for the purpose of considering the defendant's plea to Count One of a four-count indictment charging him with possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Lee Cueva appeared on behalf of the United States Probation Department.

The court inquired of the defendant, addressing him personally and by counsel, to determine the competency of the defendant to proceed. The court found the defendant competent.

The Assistant United States Attorney then offered for the court's consideration and summarized the entirety of a written plea agreement signed by both the defendant and his counsel, which signatures the defendant and his counsel acknowledged in court.

The court inquired of the defendant, his counsel and counsel for the United States as to the advantages which accrue to the defendant and the United States by virtue of a plea of guilty as opposed to a trial on the merits. The court informed the defendant of the maximum penalties to which he will be exposed by virtue of his plea of guilty and defendant acknowledged his understanding of the same.

The court then advised the United States and the defendant that the plea agreement will not be accepted or rejected by the court until a presentence report is available for the court's consideration. The acceptance of the proposed plea agreement is, therefore, expressly conditioned upon the availability of factual findings in the presentence report which will permit the court to conclude that the charge to which the defendant will enter his plea adequately reflects the seriousness of his offense and does not undermine the statutory purposes of sentencing. The defendant stated that he understood that the matter of sentencing remains entirely within the discretion of the court based on what the presentence investigation reveals and that he will be bound by his plea and will have no right to withdraw that plea if the sentence imposed is more severe than he expected.

After considering comments by counsel, the court found the defendant's decision to enter a guilty plea to be fair to the

interests of both the defendant and the United States for the reasons stated in court.  The court then conditionally approved the plea agreement in the interest of the administration of justice.

The court next inquired as to the defendant's plea and the defendant responded that he intended to plead guilty.  The court explained the range of penalties to which the defendant would be subject by virtue of his guilty plea.  The court also explained the statute under which this action is prosecuted and the elements which the United States would have had to prove, beyond a reasonable doubt, had the matter been tried.  The Assistant United States Attorney then stated the factual basis establishing that the defendant committed the offense to which he was pleading guilty.  The defendant admitted that the factual basis as stated was substantially true.

The court further informed the defendant, pursuant to the requirements of Rule 11 of the Federal Rules of Criminal Procedure, of the constitutional rights he would waive by pleading guilty to Count One of the indictment, which is a felony.  The court then determined that the defendant understood those rights.  The court advised the defendant that he could not withdraw his plea if he was dissatisfied with the sentence rendered.

The court inquired of the defendant personally as to whether any threats or promises had been made to him to induce him to plead, whether any predictions were made regarding the sentence he might receive, and whether he had any second thoughts about entering a plea of guilty, to which questions the defendant responded in the negative.

Based upon the defendant's plea of guilty, as well as his factual admission of guilt, the court found that there existed a factual and legal basis for the defendant's plea of guilty. Based upon the United States' proffer of evidence against the defendant, the court found that there also existed an independent factual basis for the defendant's plea of guilty.  The court further found that the defendant tendered his plea of guilty voluntarily and with a full understanding and awareness of the constitutional and other rights which he gives up by pleading guilty, and with an awareness of what the United States would have to prove against him if the case went to trial.  The court further found that the defendant had an appreciation of the consequences of his plea and accepted the defendant's plea of guilty.  The defendant executed a written plea of guilty which his counsel witnessed.

Pursuant to Sentencing Guideline § 6B1.1(c), the court deferred acceptance of the plea agreement and an adjudication of guilt pending receipt of the presentence investigation report.

Accordingly, the court adjudges and the defendant now stands provisionally guilty of the offense charged in Count One of the indictment.

The court scheduled the disposition of this matter for March 10, 2008, at 9:30 a.m. in Charleston.  The Probation Department is directed to conduct a presentence investigation in this matter and to provide a report to this court.  Unless otherwise directed by this court, the probation officer is not to disclose the officer's sentencing recommendation to anyone except the court.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia and the Probation Office of this court.

IT IS SO ORDERED this 27th day of December, 2007.

ENTER:

David A. Faber
United States District Judge